## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

OLD REPUBLIC GENERAL )
INSURANCE CORPORATION )
                                  )
    Plaintiff, )
                                    )     CIVIL ACTION CASE NO.:
                                    )
vs. )
                                    )
CERES ENVIRONMENTAL )
SERVICES, INC., )
DAVID ALLISON, SHARON )
ALLISON, GLYNN COUNTY, )
GEORGIA, AND THE )
GLYNN COUNTY )
AIRPORT COMMISSION. )
                                    )
    Defendants. )
                                    )

## PETITION FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Old Republic General Insurance Corporation (hereinafter "Old Republic"), by and through its undersigned counsel of record, and, pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, hereby files this Petition for Declaratory Judgment, respectfully showing the Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Old Republic is a foreign corporation organized and existing under the laws of Illinois with its principal place of business at 307 North Michigan

Avenue, Chicago, Illinois 60601-5311. Old Republic is a resident citizen of the State of Illinois.

2.

Defendant Ceres Environmental Services, Inc. ("Ceres") is a foreign corporation organized and existing under the laws of Minnesota with its principal place of business at 3825 85th Ave N., Brooklyn Park, Minnesota 55443-1906. Defendant Ceres is a resident citizen of the State of Minnesota.

3.

Defendant Ceres may be served by delivering a copy of the summons and complaint to it through its Georgia registered agent Cogency Global Inc. located at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076 and is subject to the jurisdiction and venue of this Court. Defendant Ceres is a required party to this suit under Fed. R. Civ. P. 19 and 28 U.S.C. §2201(a).

4.

Defendant David Allison is a resident and citizen of the State of Georgia. Defendant David Allison may be served by delivering a copy of the summons and complaint to him at 1605 Demere Road, St. Simon's Island, GA 31522 and is subject to the jurisdiction and venue of this Court. Defendant David Allison is a required party to this suit under Fed. R. Civ. P. 19 and 28 U.S.C. §2201(a).

5.

Defendant Sharon Allison is a resident and citizen of the State of Georgia.

Defendant Sharon Allison may be served by delivering a copy of the summons and

complaint to her at 1605 Demere Road, St. Simon's Island, Georgia 31522 and is

subject to the jurisdiction and venue of this Court. Defendant Sharon Allison is a

required party to this suit under Fed. R. Civ. P. 19 and 28 U.S.C. §2201(a).

6.

Defendant Glynn County, Georgia ("Glynn County") is a political

subdivision of the State of Georgia, duly and legally organized, created and

established under and by virtue of the laws of the State of Georgia with the

capacity to sue and be sued. Glynn County is deemed a citizen of the State of

Georgia.

7.

Defendant Glynn County may be served by delivering a copy of the

summons and complaint to it by service on the Chairman of the Glynn County

Board of Commissioners, Bill Brunson, at 1725 Reynolds Street, Suite 302,

Brunswick, Georgia 31520 and is subject to the jurisdiction and venue of this

Court.

8.

Defendant The Glynn County Airport Commission ("GCAC") is an agency of Glynn County with its principal place of business located in Glynn County, Georgia. GCAC is a citizen of Georgia.

9.

Defendant GCAC may be served with process by serving its Executive Director Robert Burr at 295 Aviation Parkway, Suite 205, Brunswick, Georgia 31525 and is subject to the jurisdiction and venue of this Court.

10.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 in that (a) Plaintiff and Defendants are citizens of different states; and (b) the value of the matter in controversy, exclusive of interest and costs, exceeds the requisite jurisdictional amount.

11.

In support of the jurisdictional amount in controversy being met, Plaintiff refers to the Underlying Complaint (attached hereto as Exhibit "A") alleging "significant damages" including, but not limited to, medical injuries, loss of quality of life, loss of enjoyment of real property, diminution in value of real property, and costs of cleaning up "contamination" on the Allisons' property. (Ex. A, ¶¶ 87, 93, 103).

12.

In further support of the amount in controversy, Plaintiff refers to the

$650,000 Demand from the Allison Defendants. A true and accurate copy of the

Demand is attached hereto as Exhibit "B."

13.

The Demand itemizes expenses in the amount of $154,208.16, well

exceeding the jurisdictional requirement of $75,000.

14.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) because this

action is brought in the judicial district in which one or more of the Defendants reside

and in which a substantial part of the events giving rise to the underlying facts

occurred.

**FACTUAL BACKGROUND**

15.

Hurricane Matthew struck St. Simon's Island, Georgia in October, 2016.

16.

Defendant Ceres was hired by Glynn County to process organic debris from

trees and other vegetation left in the wake of Hurricane Matthew. The 2017

Contract for Services for "Debris Removal and Disposal Services" between the

Glynn County Board of Commissioners and Ceres is attached hereto as Exhibit "C."

17.

On September 27, 2017, Defendant GCAC contracted with Defendant Ceres to lease a portion of the McKinnon St. Simons Island Airport (the "Airport") as the processing site beginning on September 28, 2017 for a term of two months, ending on November 28, 2017. The Rental Agreement is attached hereto as Exhibit "D."

18.

Defendant Ceres's processing site at the Airport was near the Allisons' home.

19.

Defendant Ceres used grinding machinery at the Airport to process the debris.

20.

Defendants David and Sharon Allison brought the Underlying Complaint alleging that this grinding operation at the processing site produced "toxic organic dust" that caused them bodily injury and resulted in "contamination" of their property. (Underlying Complaint ¶¶ 81, 89).

21.

The airborne dust enveloped the Allisons' home—both inside and out—and their personal belongings, including their cars. (Underlying Complaint ¶ 31).

22.

The Allison Defendants both claim respiratory problems and serious medical effects from the dust pollution. (Underlying Complaint ¶¶ 32-33, 39).

23.

Less than a year after Hurricane Matthew, Hurricane Irma hit St. Simons Island on September 11, 2017.

24.

Defendant Ceres again set up its grinding operation at the Airport.

25.

Defendant Ceres' grinding operation again resulted in organic dust "cover[ing] the Allison's property in layers of organic waste" and "invad[ing] their home." (Underlying Complaint ¶¶ 55-56).

26.

The Allison Defendants allege that Defendant Ceres, Defendant Glynn County and Defendant GCAC were aware of the effects of the grinding operation and nevertheless permitted the operations to continue.

27.

The Allison Defendants allege the dust from the grinding operation was "toxic and inherently dangerous" and resulted in the "emission of air contaminants" which caused their damages. (Underlying Complaint ¶¶ 101, 105-106).

28.

The Allison Defendants alleged in the Underlying Complaint that the "toxic organic dust" constituted a trespass and nuisance and that Defendants Ceres, Glynn County, and GCAC acted carelessly, negligently, and intentionally by failing to prevent and control the migration of the dust, and failing to clean up and dispose of the dust.

29.

The Allison Defendants further alleged strict liability and negligence per se against Defendants Ceres, Glynn County and GCAC for violations of the Georgia Air Quality Act.

30.

The Allison Defendants sought punitive damages for "willful and wanton disregard for the life, safety, and property of others" as well as attorney fees.

31.

The Allison Defendants seek damages from Defendant Ceres as well as Defendant Glynn County and Defendant GCAC.

32.

Defendant Ceres, Defendant Glynn County and Defendant GCAC seek insurance coverage under one or more insurance policies issued by Plaintiff to named insured Defendant Ceres.

## THE POLICIES

33.

Defendant Ceres is the named insured under a Commercial General Liability Policy issued by Plaintiff Old Republic Policy Number A-5CG-112616-00 (hereinafter 16-17 Policy) with an original policy period from August 18, 2016 through August 18, 2017, extended by endorsement through September 1, 2017. A true and correct copy of this Policy and endorsement is attached hereto as Exhibit "E."

34.

Defendant Ceres is the named insured under a Commercial General Liability Policy issued by Plaintiff Old Republic Policy Number A-5CG-112617-01 (hereinafter 17-18 Policy) for the policy period of September 1, 2017 through

September 1, 2018. A true and correct copy of this Policy is attached hereto as Exhibit "F."

34.

The Policies were delivered to Defendant Ceres in Minnesota.

36.

Pursuant to *lex loci contractus*, the laws of the State of Minnesota appear to apply to the interpretation of these Policies.

37.

Neither Defendant Glynn County nor Defendant GCAC are named insureds on the Policies.

38.

GCAC and Glynn County do not qualify as "insureds" under the Policies.

39.

The Policies expressly state the scope of their coverage: "[Old Republic] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies . . . However, [Old Republic] will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . ."

## A. LIMITATIONS TO THE SCOPE OF COVERAGE

40.

The Policies require that there be "bodily injury" or "property damage" during the policy period caused by an "occurrence."

41.

An "occurrence" is defined as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions."

42.

"Bodily injury" is defined as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

43.

"Property damage" is defined as: "a) Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or b) Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it."

44.

The Policies' insurance only applies if prior to the policy period, no listed insured or authorized "employee" knew that the "bodily injury" or "property damage" had occurred, in whole or part.

45.

The Allisons allege that Defendant Ceres, Defendant Glynn County, and Defendant GCAC knew of effects of the grinding operations and nevertheless permitted those operations to continue.

46.

Insofar as Defendant Ceres, Defendant Glynn County, and Defendant GCAC knew of the effects of the grinding operations and continued to operate, there is no "occurrence" under the Policies and no coverage.

47.

Insofar as Defendant Ceres, Defendant Glynn County, and Defendant GCAC knew of the effects of the grinding operations and any of the Allison's alleged damages prior to any Policy period, there is no coverage under the Policies.

48.

To the extent the damages alleged by the Allisons do not meet the definitions of "bodily injury" or "property damage" as defined in the Policies, there is no coverage.

## B. EXCLUSIONS

### 1. TOTAL POLLUTION, FUNGI, BACTERI, SILICA AND SILICA-RELATED DUST EXCLUSIONS

#### 49.

The Policies contain a Total Pollution Exclusion Endorsement which provide that the Policies do not apply to "bodily injury" or "property damage" that "would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time."

#### 50.

"Pollutants" are defined in the Policies as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled reconditioned or reclaimed."

#### 51.

The "toxic organic debris" and "dust" alleged in the Underlying Complaint meet the definition of "pollutants."

#### 52.

Therefore, the Total Pollution Exclusion appears to exclude coverage for all damage due to the "actual, alleged, or threatened discharge, dispersal, migration, release or escape" of "pollutants."

53.

Further, to the extent the "toxic organic debris" and "dust" alleged in the Underlying Complaint contains, or damages involve, fungi, bacteria, silica, or silica-related dust, separate "Fungi or Bacteri" and "Silica or Silica-Related Dust" Exclusions would bar coverage.

## 2. EXPECTED OR INTENDED INJURY EXCLUSION

54.

The Policies contain an Expected or Intended Injury Exclusion. In the Expected and Intended Injury Exclusion, the Policies expressly provide that they do not apply to "[b]odily injury" or "property damage expected or intended form the standpoint of the insured."

55.

The Underlying Complaint alleges that Defendant Ceres, Defendant Glynn County and Defendant GCAC were aware of the effects of the grinding operation and nevertheless permitted those operations to continue.

56.

The Underlying Complaint also alleges intentional and willful misconduct and seeks punitive damage.

57.

Therefore, to the extent any alleged "bodily injury" or "property damage"
was expected or intended, the Expected or Intended Injury Exclusion would
exclude coverage.

### 3.    *CONTRACTUAL LIABILITY EXCLUSION*

58.

The Policies contained a Minnesota Contractual Liability Exclusion and
Supplementary Payments Endorsement.

59.

This Endorsement may apply to exclude coverage for some of the claims
and damages asserted in the Underlying Complaint.

60.

If either the Rental Agreement or 2017 Contract for Services qualifies as an
"insured contract" this exclusion would apply to bar coverage for events prior to
when the agreements became effective.

### 4.    *AIRCRAFT, AUTO OR WATERCRAFT EXCLUSION*

61.

The Policies contain an exclusion for Aircraft, Auto or Watercraft which
specifically excludes coverage for "bodily injury" or "property damage" arising
out of "the operation of machinery or equipment that is attached to, or part of, a

land vehicle that would qualify under the definition of 'mobile equipment' if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged" or "the operation of any of the machinery or equipment listed in Paragraph f(2) or f(3) of the definition of "mobile equipment."

62.

The Underlying Complaint alleges grinding equipment was used in Defendant Ceres's operations. To the extent the equipment falls within the above-referenced exclusion, coverage under the Policies may be barred.

***C. ADDITIONAL INSUREDS***

63.

Neither Defendant Glynn County nor Defendant GCAC is listed as an additional insured on the Policies.

64.

The Rental Agreement between Defendant Ceres and Defendant GCAC was not in place during the 16-17 Policy period, and therefore Defendant Glynn County and Defendant GCAC have no additional insured claim under the 16-17 Policy.

65.

The 17-18 Policy was in effect at the time of the Rental Agreement between Defendant Ceres and Defendant GCAC.

Page 16 of 24

66.

The 17-18 Policy contained an Endorsement that provided Additional

Insured status "where required by written contract."

67.

The Rental Agreement between Defendant Ceres and Defendant GCAC does

provide that Defendant Glynn County and Defendant GCAC should be an

additional insured, therefore this Endorsement may apply to make Defendant

Glynn County and Defendant GCAC an additional insured, but only for the

effective dates of the Rental Agreement (September 28, 2017 to November 29,

2017).

68.

To the extent the damages asserted in the Underlying Complaint occurred

outside this limited additional insured period of September 28, 2017 to November

29, 2017 there is not additional insured status or coverage for Defendant Glynn

County or Defendant GCAC.

69.

The 17-18 Policy also contained an Endorsement titled "Additional Insured

– Managers or Lessors of Premises."

70.

The "Additional Insured – Managers or Lessors of Premises" endorsement limits any additional insured coverage by its terms.

71.

The "Additional Insured – Managers or Lessors of Premises" endorsement excludes coverage for any "occurrences" after the term of the rental agreement.

72.

Even as an additional insured, Defendant Glynn County and Defendant GCAC would be subject to the coverage provisions of the 17-18 Policy, which excludes coverage for the damages alleged in the Underlying Complaint as outlined above.

73.

The 2017 Contract for Services does not require that Defendant Glynn County or Defendant GCAC be additional insureds.

### D. INDEMNITEE

74.

The Rental Agreement contains an indemnification provision. By its terms, the indemnification provision only applies after the execution of the rental agreement on September 28, 2018.

75.

To the extent the Underlying Compliant claims damages occurring prior to September 28, 2018, such would not be covered under any indemnity provision in the Rental Agreement.

76.

The Rental Agreement indemnity provision is also explicitly limited to damage or injury to property or persons "on or about" the premises, which is specifically designated in the Rental Agreement.

77.

The damages alleged in the Underlying Complaint did not occur on the premises defined in the Rental Agreement, therefore do not appear to be encompassed by this indemnity provision.

78.

To the extent the Underlying Complaint alleges damages arising out of Defendant Ceres's performance of the Work under this Contract, and allege negligence, Defendant Glynn County and/or Defendant GCAC could be considered an indemnitee under indemnification provision in the Rental Agreement for the period outlined in the Rental Agreement.

79.

Even as an indemnitee, coverage is subject to the terms of the Policies.

80.

As such, coverage is excluded as outlined above and outlined in the Policies.

81.

Further, the 17-18 Policy "Supplementary Payments" section limits the scope of coverage for the Policy regarding indemnitee coverage.

82.

Defendant Glynn County and Defendant GCAC may have failed to comply with the obligations outlined in the 17-18 Policy under the Supplementary Payments section.

83.

The 2017 Contract for Services also contains an indemnification provision.

84.

To the extent the Underlying Complaint alleges damages arising out of Defendant Ceres's performance of the Work under this Contract, and allege negligence, Defendant Glynn County may be an indemnitee.

85.

Such indemnification for Defendant Glynn County would only be effective for acts/omissions and damages occurring after September 10, 2017.

## DECLARATORY RELIEF

86.

Plaintiff Old Republic seeks a declaration from this Court that it has no duty under the Policies to provide coverage, including defense and indemnity, to Defendant Ceres, Defendant Glynn County or Defendant GCAC against the claims asserted by the Allison Defendants in the Underlying Complaint.

87.

Plaintiff Old Republic has agreed to provide a defense to Defendant Ceres in for claims asserted by the Allison Defendants in the Underlying Complaint subject to a full reservation of rights. A true and accurate copy of the two Reservation of Rights correspondence issued to Defendant Ceres is attached as Exhibit "G."

88.

Plaintiff Old Republic has agreed to provide a defense to Defendant Glynn County in for claims asserted by the Allison Defendants in the Underlying Complaint subject to a full reservation of rights. A true and accurate copy of the Reservation of Rights correspondence issued to Defendant Glynn County is attached as Exhibit "H".

89.

Plaintiff Old Republic has agreed to provide a defense to Defendant GCAC in for claims asserted by the Allison Defendants in the Underlying Complaint subject

to a full reservation of rights. A true and accurate copy of the Reservation of Rights correspondence issued to Defendant GCAC is attached as Exhibit "I".

90.

For the reasons outlined above, Plaintiff is of the opinion that neither Defendant Ceres, Defendant Glynn County, nor Defendant GCAC are covered under the Old Republic Policies for the claims brought by the Allison Defendants in the Underlying Complaint.

91.

Because Defendant Glynn County, and Defendant GCAC have requested coverage under the Old Republic Policies, pursuant to their contracts with Defendant Ceres, and because the Allison Defendants have asserted claims against Defendant Ceres for its work pursuant to the contracts with Defendant Glynn County and Defendant GCAC, Plaintiff is uncertain with respect to its duties and obligations under its Policies.

92.

Plaintiff Old Republic seeks a declaration from this Court with respect to its duties and obligations under the Policies in connection with Defendant Ceres work processing debris from Hurricane Matthew and Hurricane Irma and the claims asserted by the Allison Defendants in the Underlying Complaint.

93.

There is an actual, present and existing controversy between Plaintiff Old
Republic and Defendant Ceres, Defendant Glynn County, and Defendant GCAC
regarding whether Plaintiff Old Republic has any obligations to Defendant Ceres,
Defendant Glynn County or Defendant GCAC under the Policies in connection
with the Underlying Complaint and the claims asserted by the Allison Defendants.

94.

By reason of the foregoing, it is necessary and appropriate at this time for
the Court to determine and declare the respective rights, obligations and liabilities,
if any, which exist among the parties to this action under the Policies.

95.

This action for declaratory judgment is authorized by Fed. R. Civ. P. 57 and
28 U.S.C. §2201.

**WHEREFORE**, Plaintiff prays:

A. That process be issued as required by law and the Defendants be served with
   copies of the Summons and Petition for Declaratory Judgment;

B. For a declaration by the Court that Plaintiff has no obligation to provide
   insurance coverage, including defense and indemnity, to Ceres, Glynn
   County, or GCAC in connection with Ceres's work processing debris from

Hurricane Matthew and Hurricane Irma and the claims asserted the Underlying Complaint.

C. That Plaintiff recover its costs in filing this action; and

D. For such other and further relief as this Court deems just and proper.

Respectfully submitted, this 11th day of July, 2019.

/s/ Nicole C. Leet
Michael J. Rust
Georgia Bar No. 621257
Nicole C. Leet
Georgia Bar No. 133044
Attorneys for Plaintiff

**Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.**
950 East Paces Ferry Road
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
404-870-7375 (Rust)
404-870-7434 (Leet)
404 870-7374 fax
e-mail: mrust@grsmb.com
        nleet@grsmb.com